(January 26, 2006)

■ CHASE MANHATTAN BANK, Appellant, v NEW HAMPSHIRE INSURANCE COMPANY, Respondent. (And a Third-Party Action.) [810 NYS2d 129]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 27, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss the complaint, unanimously modified, on the law, to deny the cross motion and reinstate the complaint, and otherwise affirmed, without costs.

Pursuant to a credit and security agreement, plaintiff Chase Manhattan Bank lent third-party defendant Echo Productions $4,287,071 to finance the production of a feature-length motion picture entitled *Looking for an Echo* (the Project). Chase then purchased a contingent loss of revenue insurance policy (the Policy) from defendant New Hampshire Insurance Company for indemnification of any portion of the loan that was not repaid by the claim date. The "delivery date" of the Project, a condition precedent to making a claim, was originally set in the Interparty Agreement for December 1, 1998 and subsequently extended to March 1, 1999. The "claim date," originally described in the Policy as "twelve months subsequent to the date of delivery of the Project," was extended to January 1, 2000 "provided that delivery of the Project occurs prior to that

date." Under the Policy, the coverage period was 15 months following delivery of the Project or March 31, 2000, whichever came later.

Chase brought a timely written claim under the Policy, asserting that delivery, as defined in the Interparty Agreement, was completed by or prior to March 1, 1999. Defendant declined to pay the claim, maintaining that no delivery occurred and that the claim date had expired.

Pursuant to section 2.1 (a) of the Interparty Agreement, "delivery" of the Project was deemed to have occurred upon (and only upon) (1) the delivery of, or at least access to, certain "delivery items" to third-party defendant Arthur Kananack & Associates (AKA), Echo's sales agent; and (2) AKA's transmission of a certificate (the AKA certificate) to Chase verifying that delivery had occurred. In the alternative, section 2.1 (b) of the Interparty Agreement provided that the first commercial exploitation or exhibition of the Project (i.e., a public screening) would be deemed acceptance of delivery by AKA. In its complaint, Chase alleged, inter alia, that the issuance of the AKA certificate on March 1, 1999 confirmed that timely delivery had occurred pursuant to section 2.1 (a) of the Interparty Agreement and that alternatively, under section 2.1 (b), delivery should have been deemed delivered on November 10, 2000 when the film opened in movie theaters.

The motion court's dismissal of the complaint, determining that delivery had not occurred, was in error. Since the film was screened, in relatively empty movie houses in November 2000, it is obvious that delivery did occur at some point. However, notwithstanding the March 1, 1999 AKA certificate, it is unclear when delivery actually occurred. If we construe the parties' amendments to the Policy and Interparty Agreement to bar any claims made after January 1, 2000, as argued by defendant, the policy coverage period would be rendered meaningless. Mindful that a contract is to be construed so as to give effect to all of its provisions (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196 [1995]), we cannot resolve this apparent factual issue without extrinsic evidence as to the parties' intention in modifying the Interparty Agreement. Without any reference to, for instance, an underwriter's opinion or an affidavit from the drafter of the Interparty Agreement, defendant's explanation of the parties' intention is insufficient to warrant dismissal of the complaint. Under such circumstances, a factual issue is also raised as to whether defendant's obligations were triggered.

The foregoing renders the parties' remaining arguments academic, and we decline to reach them. Concur—Buckley, P.J.,

Tom, Saxe, Gonzalez and Malone, JJ. [*See* 4 Misc 3d 1026(A), 2004 NY Slip Op 51074(U) (2004).]